SUSANNAH B. LOVERIDGE, Respondent, *v.* LEWIS O. HILL et al., Appellants.

A party is not bound to interrupt the examination of a witness called by his adversary in respect to a material matter, on a mere suspicion that the witness may be debarred by his position from testifying ; he may await the cross-examination to bring out the facts, and, if it appears thereby that the witness is incompetent, make his motion to have the testimony struck out.

Where, therefore, in an action upon a promissory note, wherein the question was as to the consideration for the transfer by the person to whom it was executed, the latter was called as a witness for the defendants to prove the nature of the transfer, and after an attorney called as a witness by plaintiff had testified to declarations made by the transferee, tending to sustain plaintiff's claim, it appeared upon cross-examination that said witness was acting as counsel for the transferee at the time such declarations were made, and that they were made to him as such ; whereupon defendants moved to strike out the testimony on the ground that the declarations were privileged communications, which motion was denied, *held* error ; and this, although the testimony of the witness on direct examination, while it did not disclose the fact, might have suggested a *quære* as to the existence of the relationship of counsel and client.

(Argued May 6, 1884; decided June 3, 1884.)

APPEAL from judgment of the General Term of the Supreme Court, in the fourth judicial department, entered upon an order made the first Tuesday of April, 1882, which affirmed a judgment in favor of plaintiff, entered upon the report of a referee.

This action was upon a promissory note executed by defendant Lewis O. Hill, payable to the order of defendant Clayton L. Hill, and indorsed by him.

The note was delivered to Milo W. Hill, who plaintiff claimed transferred it to her as security for costs on appeal,

in an action brought against her to set aside as fraudulent a mortgage assigned to her by said Milo. The defendants claimed that the note was delivered to Milo to raise money thereon, but that instead thereof he transferred the same to plaintiff's husband as indemnity against his liability as bail, in certain contempt proceedings, which were determined in favor of the party for whom he was bail, and so no liability was incurred.

The further material facts appear in the opinion.

*Tracy C. Becker* for appellants. A point not presented by an objection to a motion cannot be raised on the appeal to sustain the ruling. (*Marston* v. *Gould*, 69 N. Y. 220; *Mitchell* v. *Jarrett*, 48 N. Y. Supr. Ct. [J. & S.] 526.) Where evidence appears to be admissible, when given, and it afterward turns out that it was not admissible, the remedy is by motion to strike out, and if denied and exception taken, it is ground for reversal. (*Hinckley* v. *N. Y. C. & H. R. R. R. Co.*, 56 N. Y. 429.) The evidence, to strike out which the motion was made, was inadmissible. (*Bacon* v. *Frisbie*, 80 N. Y. 394; *Root* v. *Wright*, 84 id. 72; Code of Civ. Pro., § 835.) Although plaintiff was not present when the note was made, what was said about the note, and the purposes for which it was made, were as admissible as the fact that it was made. (*Wilcox* v. *Green*, 23 Barb. 639, 642; *Howe* v. *Brundage*, 1 N.Y. Sup. Ct. [T. & C.] 429; *Robinson* v. *Lyle*, 10 Barb. 512, 517; *Palmer* v. *First Nat. B'k, Cortland*, 4 Week. Dig. 268; *Curtis* v. *Avon, Genesee & Mt. M. R. R. Co.*, 49 Barb. 148; *McCotter* v. *Hooker*, 8 N. Y. 497; *Brice* v. *Powell*, 3 id. 322, 325; *Bonnell* v. *Griswold*, 89 id. 122; *Starbird* v. *Barrons*, 43 id. 200; *Baird* v. *Moses*, 47 id. 186; *Osgood* v. *Manhattan Co.*, 3 Cow. 612; *Warall* v. *Parmalee*, 1 Comst. 519; *Foote* v. *Beecher*, 78 N. Y. 155.) The recovery should be limited to the costs in the General Term, because the evidence shows that the note was turned out to secure the costs on appeal, and not the costs included in the judgment entered upon the referee's report. (*Briggs* v. *Boyd*, 56 N. Y. 289; *Post* v. *Campbell*, 83 id. 279.)

*Adelbert Moot* for respondent. Possession of the note is presumptive evidence of ownership. (*First Nat. B'k* v. *Green,* 43 N.Y. 298; *Barlow* v. *Meyers,* 64 id. 41; *Kidder* v. *Horrobin,* 72 id. 159, 169.) Declarations made to Milo W. Hill by the defendants, after the rights of the parties had become fixed, were not admissible against the plaintiff. (*Moore* v. *Meacham,* 10 N. Y. 207; *Tenth Nat. B'k* v. *Darragh,* 1 Hun, 111.) The statements of Milo W. Hill, sworn to by Perkins, as to securing Mrs. Loveridge against costs in the suit brought by Hovey against her, were not privileged communications. (*Bacon* v. *Frisbie,* 15 Hun, 26; *S. C.,* 60 N. Y. 394; *Passmore* v. *Passmore,* 28 Alb. L. J. 33; *Root* v. *Wright,* 84 N. Y. 394; *Miller* v. *Montgomery,* 78 id. 286; *Mandeville* v. *Gurnsey,* 38 Barb. 225; *Gordan* v. *Hess,* 13 Johns. 492; *Britton* v. *Lorenz,* 45 N. Y. 51.) Mrs. Loveridge is a *bona fide* holder of the note before maturity, for value, and is entitled to recover. (*Nickerson* v. *Ruger,* 12 Week. Dig. 146; 46 N. Y. Supr. Ct. 571; 84 N.Y. 675; *Goodwin* v. *Conklin,* 23 Alb. L. J. 452; *S. C.,* 85 N. Y. 21.) An accommodation note for the benefit of a third party transferred in payment, or as security for an antecedent debt, is a sufficient consideration for the transfer, and the holder can maintain an action upon it. (*Schepp* v. *Carpenter,* 51 N. Y. 602; *B'k of Rutland* v. *Buck,* 5 Wend. 66; *Farmers' Nat. B'k* v. *Noxon,* 45 N. Y. 762.) A maker is liable upon a note obtained from him by fraud, if it afterward comes into the hands of an innocent holder for value, where the maker was more negligent in the matter than the buyer, and one of the two innocent persons must suffer. (*Chapman* v. *Rose,* 56 N. Y. 137; *Grocers' B'k* v. *Penfield,* 69 id. 502, 505.)

PER CURIAM. We think there was error in the denial by the referee of the motion of the defendants to strike out the testimony of Mr. Perkins. It was a material question on the trial whether the note in suit had been transferred by Milo W. Hill to Loveridge, the plaintiff, as security for the costs in the mortgage suit, as claimed by her, or to Mr. Loveridge, her hus-

band, as indemnity against his liability as bail in certain contempt proceedings, as claimed by Hill. Upon this issue Milo W. Hill was a witness for the defendants, and testified that the note was transferred to Mr. Loveridge to secure him as bail. The plaintiff upon this issue subsequently called Mr. Perkins, an attorney, who after stating that he was counsel for Mrs. Loveridge in the suit against her and Milo W. Hill to set aside the mortgage, and had been counsel for Milo W. Hill in various suits, and remembered the appeal in the mortgage suit, testified: "I heard Milo W. Hill say that he had secured or satisfied the Loveridges against costs," referring, as the context shows, to the costs in the mortgage litigation.

The witness was then cross-examined by the counsel for the defendants, and testified that he recollected the contempt proceedings, and had heard that bail was given, and said: "I am pretty confident that I have heard that the bail was not given in the contempt proceedings, but was given in the (mortgage) suit. All I know about it is what I have heard as counsel in the matter." He was then re-examined by the plaintiff's counsel, and testified: "I don't think after December, 1869, until June 2, 1870, that I had any thing to do with the Hill's matter only arguing an appeal." He was then again cross-examined, and testified that he was retained after the term commenced, to argue both appeals, *i. e.*, the appeals in the contempt proceedings and in the mortgage case, and added, "whatever I have sworn to in this case as coming from Dr. Hill was learned by me as counsel."

The defendants' counsel then asked the referee to strike out the evidence of the witness upon the subject, "upon the ground that he simply testified to matters which came to his knowledge as counsel, and the same was privileged." The plaintiff objected generally. The referee denied the motion, and the defendants' counsel excepted. It is clear that the witness was debarred from testifying to the declaration of Hill, by the rule which forbids an attorney from disclosing communications made to him by a client in the course of his professional em-

ployment. (*Bacon* v. *Frisbie*, 80 N. Y. 394; *Root* v. *Wright*, 84 id. 72.)

But the ruling of the referee was sustained by the General Term on the ground that the "evidence was not objected to until after it had been taken. The motion to strike out was, therefore, too late." We think the rule which requires a party to object to incompetent evidence when offered, and which precludes him from waiting until he can see, after the evidence is in, whether it is damaging or not before taking his ground, was misapplied in this case. It did not appear when the objectionable evidence was given that the declaration testified to by Mr. Perkins was made to him as counsel for Hill, or while the relation of attorney and counsel existed between them. This testimony followed the statement that the witness was counsel for Mrs. Loveridge in the suit against her and Hill. The declaration related to that matter, and as the case stood when the declaration was proved, it was not an unreasonable inference that it was made to the witness as counsel for Mrs. Loveridge. It is true the witness testified that he had been counsel for Hill in various suits, but when that relation commenced, or whether it existed when the declaration was made, did not appear. This was first disclosed on the cross-examination, and the motion to strike out followed immediately upon the disclosure. The most that can be claimed is that the evidence on the direct examination might have suggested to counsel a *quære* as to the existence of the relation at that time, and whether the communication was privileged. But it would be too strict to hold that a party is bound to interrupt the examination of a witness in respect to a material matter on a mere suspicion that the witness may be debarred by his position from testifying. He may, we think, await his opportunity on cross-examination to bring out the facts, and, if on such examination it appears that the witness is incompetent, make his motion to have the testimony expunged from the record. (*Hinckley* v. *N. Y. C. & H. R. R. Co.*, 56 N. Y. 429.)

We think the motion to strike out should have been granted,

and as the error cannot be said to have been innoxious we feel compelled to reverse the judgment.

All concur.

Judgment reversed.